# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES PATRICK REEDOM, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. RDB-13-2305 |
| COMMISSIONER, SOCIAL SECURITY, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2013-06, the above-referenced case was referred to me to review the pending dispositive motion and to make recommendations pursuant to 28 U.S.C. § 636(b) and Local Rule 301.5(b)(ix). This Report and Recommendations addresses Defendant Commissioner of Social Security's ("the Commissioner's") Motion to Dismiss, or, in the alternative, to Transfer Venue, ECF No. 6, and the Opposition thereto filed by Plaintiff James Patrick Reedom, *pro se*. ECF No. 9. The Commissioner has not filed a reply. Having reviewed the filings, I find that a hearing is not necessary. *See* Loc. R. 105.6. For the reasons stated herein, I recommend that the Commissioner's Motion to Dismiss be GRANTED, and that Plaintiff's Complaint be DISMISSED without prejudice.

I. **BACKGROUND**

Plaintiff filed a Complaint against the Commissioner in the United States District Court for the District of Maryland on August 8, 2013. Compl. 1, ECF No. 1. The Complaint invokes 42 U.S.C. § 405(g), which provides this Court with jurisdiction to review a final determination of the Commissioner. *Id.* Plaintiff further alleges that he resides in "the City of Fort Worth,

County of Tarrant, State of Texas." *Id.* Plaintiff asks the Court to require the Commissioner to correct his earnings records and to award back benefits and compensatory damages for distress. *Id.*

## II. ANALYSIS

42 U.S.C. § 405(g), the statute on which the Commissioner bases its motion, provides, in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.[1] *Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.* . . .

42 U.S.C. § 405(g) (emphasis added). Additionally, pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

This case is governed by the Fourth Circuit's recent decision in *Phillips v. Social Security Administration,* 2013 WL 4035354 (4th Cir. Aug. 9, 2013). In that case, applying § 405(g), the Fourth Circuit determined, "Phillips has not alleged that she either resides in Maryland or has her principal place of business in Maryland. The district court thus lacked subject matter jurisdiction over her action." *Id.* at *1. The *Phillips* Court further noted that the dismissal for lack of subject matter jurisdiction should be without prejudice. *Id.*

---

[1] In this case, the parties have not addressed the timeliness of Plaintiff's filing or the finality of the Commissioner's decision.

2

Because Mr. Reedom has not alleged that he either resides in Maryland or has his principal place of business in Maryland, his case must be dismissed without prejudice for lack of subject matter jurisdiction, subject to refiling in the appropriate court. Accordingly, I recommend that Defendant's Motion be GRANTED, Plaintiff's claim be DISMISSED without prejudice, and the Clerk be directed to CLOSE the case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Dated: October 25, 2013 /s/
Stephanie A. Gallagher
United States Magistrate Judge